**CONDENSER SERVICE & ENGINEERING CO., Inc.**

v.

**The UNITED STATES.**

No. 519-52.

United States Court of Claims.
Feb. 8, 1955.

See, also, 120 F.Supp. 262, 128 Ct. Cl. 1.

Kenneth J. Mullane, New York City, Hyman D. Lehrich, Washington, D. C., on the briefs, for plaintiff.

Francis X. Daly, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

The claim asserted by the plaintiff in the instant suit is based upon section 17(a) of the Contract Settlement Act of 1944, 41 U.S.C.A. § 117. The procedure for the enforcement of such a claim is prescribed by section 13 of that act, 41 U.S.C.A. § 113. The claimant resorts first to the agency of the Government with which he had his contract. If the claim is not settled to his satisfaction by that agency, section 13 provides for further procedure as follows:

"(b) Rights of war contractor

"Whenever any war contractor is aggrieved by the findings of a contracting agency on his claim or part thereof or by its failure to make such findings in accordance with subsection (a) of this section, he may, at his election—

"(1) appeal to the Appeal Board in accordance with subsection (d) of this section; or

"(2) bring suit against the United States for such claim or such part thereof, in the Court of Claims * * *

\*   \*   \*   \*   \*

(d) Appeal * * *

"2. * * * If the war contractor is aggrieved by the decision of the Appeal Board or panel * * *, then within ninety days after such decision he may bring suit *on the claim or unsettled part thereof* in accordance with subsection (b) (2) of this section. *Such suit shall proceed as if no appeal had been taken under subsection (b) of this section.* * * *" [Italics added.]

In the case at bar the plaintiff presented its claim to the Department of the Army, which was the contracting agency. The claim was denied. The plaintiff appealed to the Appeal Board, Office of Contract Settlement, pursuant to section 13(b) (1). That Board awarded the plaintiff $110,000, on its total claim of $285,340.08. The $110,000 was paid to the plaintiff. The plaintiff then, pursuant to subsection 2 of section 13 sued in this court for the amount which the Appeal Board had not awarded it. The Government, asserting that the allowance by the Appeal Board of $110,-000 was erroneous, has filed a counterclaim to recover that amount, which, as we have said, was paid to the plaintiff pursuant to the award of the Appeal Board.

The plaintiff asserts that according to the provisions of the Contract

Settlement Act, the award of $110,000 to it by the Appeal Board was final and not subject to review or relitigation in this suit or elsewhere. The plaintiff urges, correctly, that the objective of the Contract Settlement Act was speedy and final settlement of the claims of contractors. A settlement by the contracting agency which the contractor was willing to accept could not be appealed by the Government to the Appeal Board or to this court. If the contractor was aggrieved by the findings of the contracting agency on his claim *or part thereof* he could appeal to the Appeal Board or could sue in this court. The statute did not provide that the partial award made to him by the contracting agency would be put in jeopardy by such an appeal or suit.

The next step, the suit in this court by the contractor who is still aggrieved after the decision of the Appeal Board, is the one with which we are here concerned. Again, only the contractor has the right of resort to this court. The Government, though dissatisfied, as it is in the instant case, with the decision of the Appeal Board, is given no right to attack that decision by an appeal or suit. If, then, the plaintiff, having been awarded $110,000 by the Appeal Board, and having received the money, had proceeded no further, the Government would have had to swallow its dissatisfaction. Did the plaintiff's suit give the Government an opening to attack the Appeal Board's award by a counterclaim?

We quote again subsection (d) (2) of section 13:

"2. * * * If the war contractor is aggrieved by the decision of the Appeal Board or panel * * *, then within ninety days after such decision he may bring suit *on the claim or unsettled part thereof* in accordance with subsection (b) (2) of this section. *Such suit shall proceed as if no appeal had been taken under subsection (b) of this section.* * * *" [Italics added.]

We have italicized two parts of the language of the statute. The plaintiff leans heavily upon the first part, the Government on the second. If the plaintiff may sue upon the unsettled part of its claim, it would appear, in view of the general philosophy of the Contract Settlement Act, that the finality in favor of the contractor which the statute, in general, creates, would make the award of the Appeal Board, as far as it went, immune to attack. The Government urges that the words "Such suit shall proceed as if no appeal had been taken under subsection (b) of this section" indicates the contrary. This sentence says that the court should take the case and consider it just as if it had never been taken to the Appeal Board, but had been brought here directly from the contracting agency, as it might have been under subsection (b) (2) of section 13, hereinbefore quoted. If it had been so brought, we might, of course, have concluded that the plaintiff was entitled to nothing, or to less than $110,000, and then the plaintiff would not have the $110,000 which it received pursuant to the decision of the Appeal Board. If that would have been our conclusion, the Government says it should have its $110,000, or a proper part of it back, and that is the basis of its counterclaim.

■ We conclude, though with grave doubt, that the statute should not be interpreted as the Government would have us interpret it. It is impossible to reconcile the two italicized parts of section 2. If the plaintiff has the privilege of appealing, not his whole case, but the "unsettled part thereof", the settled part is, we think, expected to remain "settled." The *de novo* consideration which we are expected to give to the case, in disregard of the decision of the Appeal Board, means, we think, that findings and conclusions of the Appeal Board adverse to the plaintiff are not to be accorded any presumption of correctness or other weight.

The plaintiff urges that the part of its claim on which the Appeal Board made its award was a separate part which can be considered as a separately adjudicated law suit, and thus laid to rest.

That would be a consolation to us in our doubt, but it is not the fact. The award of the Appeal Board drew a line at a certain date, and concluded that only expenses incurred after that date were recoverable. But the claim as filed contained no such separation and the case is not, we think, different from any case in which a contractor claimed a stated amount of recoverable expenses and the Appeal Board concluded that he had only proved half the amount claimed. In short, we interpret the statute as meaning that the contractor may take the appellate steps provided in the statute without putting in jeopardy what he has been awarded in the earlier stages.

In Hanson v. United States, 92 F. Supp. 972, 117 Ct.Cl. 605, we awarded an amount less than the Appeal Board had allowed. The question so warmly contested in the instant case was not raised by the parties and we were not aware of it.

A summary judgment dismissing the defendant's counterclaim will be entered.

It is so ordered.

JONES, Chief Judge, and LARAMORE, WHITAKER, and LITTLETON, Judges, concur.